## LENAHAN v HOGAN, Admr.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3236. Decided Oct. 1, 1940

D. Curtis Reid, Columbus, and Joseph F. Hogan, Columbus, for plaintiff-appellee.

Metcalf & Moriarity, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

This matter is before this Court upon appeal from the judgment of the Court of Common Pleas of Franklin County. Joseph F. Hogan is the administrator of the estate of Mary H. Lenahan, and the petition recites that from October, 1934, to April, 1937, plaintiff furnished board and room to Mary H. Lenahan, now deceased; that the reasonable value thereof for the period stated was $1050.00, of which a balance of $1000.00 is due; that the plaintiff duly presented her claim to the administrator, but was refused payment.

The answer admits the appointment of the defendant, the presentation and rejection of the claim, and further denies all allegations.

A number of preliminary motions were filed and passed upon by the Court. The cause coming on for hearing, a jury was waived and the case submitted to the Court. The Court made seven separate findings of fact, among them, that during the period named in the petition defendant's decedent occupied a room in plaintiff's home and plaintiff furnished her with food during the said period; that the defendant's decedent did certain work about the plaintiff's house in cooking meals and attending to household duties; that no family relationship existed between the plaintiff and defendant's decedent; that the reasonable value of the board and room, taking into consideration the value of the household duties performed by the decedent was $500.00 for which judgment was rendered. Notice of appeal was given.

The Court below in his decision reviewed the testimony and discussed the same in the light of **Merrick v Ditzler, 91 Oh St 256**, where it is held that in an action to recover compensation where it appears that plaintiff was a member of the family, no obligation to pay will be implied, and the plaintiff can not recover unless it be established that there was an express contract which must be established by clear and convincing proof. The Court points out that there was no blood relation between plaintiff and decedent; that decedent had married the plaintiff's brother, but that her husband died prior to the period when the board and lodging were furnished; that there then existed no family relationship between the parties.

The Court took into consideration the fact that the decedent rendered certain services to the plaintiff which were of value, and concludes that the reasonable value of the board and room, taking into consideration such services so rendered by the decedent, was $500.00, for which judgment was rendered.

The assignment of errors includes five separate specifications which may be summarized in the claim that the Court erred in the special finding and in finding for the plaintiff; that the judgment of the Court is not sustained by sufficient evidence and is contrary to law.

A bill of exceptions is filed which discloses the evidence offered in the court below, which is briefly to the effect that the plaintiff furnished board and lodging to the widow of her brother; that plaintiff paid the rent on the house and for the food supplied. The two ladies lived together, the decedent during such period performing some light household duties.

The decedent assigned to plaintiff an insurance policy on her life, which assignment was afterwards cancelled. The plaintiff kept in her safety deposit box certain securities belonging to the decedent, and on April 20, 1937, after the decedent had left the residence of the plaintiff, returned the same to the decedent with a letter expressing regret that matters between them were unsatisfactory, and offering assistance in the future, but making no claim for compensation for board. The defendant's position is that a family relationship existed which required the proof of an express contract by clear and convincing evidence, and also that the relationship between the parties and the circumstances under which the decedent

lived at the home of the plaintiff indicated there was no intention to make a charge for the board and lodging, and it is claimed that it is but an afterthought that prompted the plaintiff to bring the action to recover.

We have given consideration to the bill of exceptions and to the briefs of the parties and arrive at the conclusion that the Court below was justified in finding as he did in favor of the plaintiff and in fixing the amount in the sum of $500.00.

We are sitting as a court of review, and finding no prejudicial error, the judgment of the Court below must be affirmed.

HORNBECK, PJ. & BARNES, J., concur.

## APPLICATION FOR REHEARING

No. 3236.  Decided Oct. 29, 1940.

BY THE COURT:

This matter is before the Court upon an application for rehearing. Counsel states his objections to the decision, which seem to run more to the form than to the substance.

We have again studied the decision in this case and find nothing in it that is in any way obscure or that could be further elaborated or changed for the reasons suggested in the application.

Application denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.